IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENRIQUE BERNAL and ELVIRA BERNAL, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:12-CV-3741-M (BF) |
| WILMINGTON FINANCE, a Division of AIG Federal Savings Bank; AURORA LOAN SERVICING, LLC, WELLS FARGO BANK, N.A. as trustee for securitized trust SARM SERIES 2007-6; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, aka "MERS" and DOES 1 THROUGH 100, INCLUSIVE, | § § § § § § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), and a Standing Order of Reference from the District Court, this removed civil action has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Defendant Aurora Bank FSB's Motion to Dismiss Plaintiffs' Complaint (doc. 14, "Motion to Dismiss"), filed on October 19, 2012. Plaintiffs Enrique Bernal and Elvira Bernal ("Plaintiffs") failed to file a response, notwithstanding this Court providing them repeated opportunities to do so. For the following reasons, the Court recommends that the District Court GRANT the Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6).

**Background**

This case arises out of foreclosure proceedings concerning the real property located at 2973 Las Campanas Drive, Farmers Branch, Texas 75234 (the "Property"). (Pls.' Pet. ¶ 12.) On February

9, 2006, Plaintiffs executed a Note and Deed of Trust (collectively referred to as the "Loan") in favor of Defendant Wilmington Finance, a division of AIG Federal Savings Bank ("Wilmington Finance"). (*Id.* at ¶¶ 8, 17.) The Note was executed in the amount of $148,000.00, which was secured by the Deed of Trust on the Property. (*Id.* at ¶ 17.) The Deed of Trust named Mortgage Electronic Registration Systems ("MERS") as its original beneficiary and nominee. (*Id.*) Subsequently, the Loan was transferred to Wells Fargo Bank, N.A. ("Wells Fargo"), and securitized into the trust SARM Series 2007-6 (the "Securitized Trust"). (*Id.* at ¶ 18.)

Plaintiffs filed their Original Petition ("Petition") in the 68th Judicial District Court of Dallas County, Texas in an attempt to prevent foreclosure on the Property. Thereafter, Defendants Aurora Loan Services, LLC (incorrectly named in this lawsuit as Aurora Loan Servicing, LLC) and Wells Fargo (collectively referred to as "Defendants") timely removed the action to this Court based on diversity jurisdiction. (Defs.' Notice of Removal ¶¶ 5, 11-22.) Aurora Bank FSB, as subservicer to Aurora Loan Services, LLC ("Aurora Bank"), filed this Motion to Dismiss, which is now ripe for review.

**Standard of Review**

FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility. *See* FED. R. CIV.

2

P. 12(b)(6); *id*. at n.3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not sufficient. *Twombly*, 127 S.Ct. at 1964-65. Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.* Moreover, if "the plaintiff has failed to plead with particularity after repeated opportunities to do so," a court may dismiss a claim that fails to meet the pleading requirements without granting the plaintiff leave to amend his complaint again. *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000).

In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A court generally cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

## **Analysis**

Plaintiffs allege causes of action for Fraud in the Concealment, Fraud in the Inducement, Intentional Infliction of Emotional Distress, Slander of Title, Quiet Title, and Declaratory Relief. Because these claims are based, at least in part, on several legal theories, this Court will address those theories first.

**Lack of Standing**

The crux of Plaintiffs' Petition is based on the premise that Defendants lack authority to foreclose on the Property. Specifically, Plaintiffs contend that: (1) neither the Note nor the Deed of Trust was assigned to the Securitized Trust by the trust's closing date, as required in the Pooling and Servicing Agreement ("PSA"); (2) even if the Deed of Trust was assigned to the Securitized Trust by the closing date, the Note still was not transferred according to the requirements of the PSA; and (3) MERS lacked authority to assign the Note or Deed of Trust to Wells Fargo. (Pls.' Pet. ¶¶ 18-38.) Aurora Bank counters that Plaintiffs lack standing to challenge the assignments of their Loan and the PSA because they were not parties to those assignments or the agreement. (Def.'s Mot. to Dismiss at 2-3.)

Numerous federal district courts in Texas have held that a plaintiff lacks standing to challenge an assignment if the plaintiff is not a party to the assignment. *See, e.g., Eskridge v. Fed. Home Loan Mortg. Corp.,* No. W-10-CA-285, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011) (holding the plaintiff had no standing to challenge the assignment of the Note or the Deed of Trust because she was not a party to the assignments). However, more recently, some district courts in Texas have recognized that "[a] debtor has standing to challenge an assignment on any ground which renders the assignment void, but may not defend on any ground which renders the assignment voidable only." *Rivera v. CitiMortgage, Inc.*, No. 3:12-CV-3404-D, 2013 WL 1294009, at *2 (N.D. Tex. Apr. 1, 2013) (quoting *Tri-Cities Constr., Inc. v. Am. Nat'l Ins. Co.,* 523 S.W.2d 426, 430 (Tex.Civ.App.– Houston [1st Dist.] 1975, no writ)) (internal quotation marks omitted). *See also Puente v. CitiMortgage, Inc.*, No. 3:11-CV-2509-N, 2012 WL 4335997, at *6 (N.D. Tex. Aug. 29, 2012) (distinguishing between void and voidable assignments when analyzing whether one can

challenge an assignment to which one is not a party); *Kramer v. Fed. Nat'l Mortg. Ass'n,* No. A-12-CA-276-SS, 2012 WL 3027990, at *4-5 (W.D. Tex. May 15, 2012) (same).[1]

Here, Plaintiffs argue that the requirements of the PSA were not met, thus voiding any assignment of the Note or Deed of Trust into the Securitized Trust. (Pls.' Pet. ¶¶ 20-21.) In particular, Plaintiffs contend that neither the Note nor Deed of Trust was timely assigned to the Securitized Trust, and that even if the Deed of Trust was timely assigned, the Note was not transferred according to the PSA requirements. (*Id.*) Plaintiffs are asserting a breach of contract claim, however, they have not alleged that they were in privity to the agreement or a third-party beneficiary, as required under Texas law. *See Metcalf v. Deutsche Bank Nat'l Trust Co.,* No. 3:11-CV-3014-D, 2012 WL 2399369, at*4 (N.D. Tex. June 26, 2012) (quoting *Pagosa Oil & Gas, L.L.C. v. Marrs & Smith P'ship*, 323 S.W.3d 203, 210 (Tex.App.– El Paso 2010, no pet.)) (internal quotation marks omitted). Moreover, Plaintiffs have failed to demonstrate that the assignment is void merely because it was made after the Securitized Trust closed or in violation of the provisions in the PSA. *See id.* (dismissing plaintiffs' claims based on defendants' failure to comply with the requirements in the PSA because "it is unclear under Texas law that the assignment becomes *invalid* merely because it conflicts with the PSA, was made after the trust was closed, or that the trust fails to qualify for REMIC status."); *Schrader-Scalf v. CitiMortgage, Inc.*, No. 3:12-CV-4446-D, 2013 WL 625745, at *3 (N.D. Tex. Feb. 20, 2013) (finding plaintiff lacked standing to assert her claim

---

[1] The Court notes that another exception has been recognized by some district courts in Texas, wherein a defendant who has been sued on a negotiable instrument may have standing to assert claims and defenses held by others. *See, e.g., Kramer,* 2012 WL 3027990, at *4-5. However, this exception is clearly inapplicable in this matter as Plaintiffs have not alleged that any of the defendants have sued them on the promissory note. *See id.*

that the note was not timely assigned to the trust in accordance with the PSA). Therefore, since Plaintiffs have not alleged that they were in privity to the PSA or a third-party beneficiary thereof, and because they have failed to demonstrate that the assignment becomes void if it violates the PSA, this Court finds that Plaintiffs lack standing to challenge compliance with the PSA.

Plaintiffs further contest the assignment of the Note and Deed of Trust from MERS to Wells Fargo. (Pls.' Pet. ¶¶ 44-55.) Plaintiffs claim that MERS lacked the authority to assign the Deed of Trust and foreclose on the Property, however, when the Deed of Trust was assigned without the Note, the alleged assignment became void. (*Id.* at ¶¶ 45, 49, 54.) Assuming, *arguendo,* Plaintiffs have standing to challenge this assignment, Plaintiffs' contention still fails as a matter of law.

This Court will first address MERS' authority under the Deed of Trust. Plaintiffs concede that MERS was named the beneficiary in the Deed of Trust. (*Id.* at ¶ 44.) Indeed, the Deed of Trust[2] names MERS the beneficiary, as well as grants MERS the power to sell the Loan and the power to foreclose on the Property upon default. (Def.'s Mot. to Dismiss Ex. A at 2, ¶¶ 19, 22.) The Fifth Circuit recently found that under Texas law, MERS has the authority to assign a deed of trust. *Martins v. BAC Home Loans Servicing, L.P.*, No. 12-20559, 2013 WL 1777487, at *2 (5th Cir. Apr. 26, 2013) ("Texas recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable). *See also Wigginton v. Bank of New York Mellon*, No. 3:10-CV-2128-G, 2011 WL 2669071, at *3 (N.D. Tex. July 7, 2011), *aff'd*, 488 Fed. App'x 868 (5th Cir. 2012) (explaining that if a deed of trust provides for the power of sale then a party to that deed of trust has such authority);

---

[2] Aurora Bank included a copy of the Deed of Trust along with its Motion to Dismiss. This Court will consider the documents attached to the motion because they are central to Plaintiffs' claims and are referenced in Plaintiffs' Petition. *See Collins*, 224 F.3d at 498-99.

*Richardson v. CitiMortgage, Inc.*, No. 6:10-CV-119, 2010 WL 4818556, at *5 (E.D. Tex. Nov. 22, 2010) (finding that MERS had the authority to transfer the rights and interests in the deed of trust because MERS was the nominee for the lender and its successors and assigns). Here, MERS was also named the nominee for the lender and its successors and assigns, and was granted the power of sale in the Deed of Trust. Thus, MERS had the authority to assign and foreclose under the Deed of Trust.

**Split-the-Note Theory**

Plaintiffs additionally argue that MERS lacked the authority to assign the Note and, thus, the Note and Deed of Trust split when MERS transferred the Deed of Trust to Wells Fargo. In this contention, Plaintiffs recognize "[d]efendants, and each of them, cannot produce any evidence that the Promissory Note has been transferred; therefore, Defendant MERS could only transfer whatever interest it had in the Deed of Trust [t]herein." (Pls.' Pet. ¶ 51.) This "split-the-note theory" fails as well. Courts in the Fifth Circuit have consistently held that the deed of trust automatically transfers the debt, which is evidenced by the promissory note, thus rejecting the "split the note" theory. *Willeford v. Wells Fargo Bank, N.A.*, No. 3:12-CV-0448-B, 2012 WL 2864499, at *3 (N.D. Tex. July 12, 2012) (explaining that the Deed of Trust has no legal effect without the Note so a transfer of the Deed of Trust automatically transfers the Note); *Valdez v. Fed. Home Loan Mort. Corp.,* No. 3:11-CV-1363, 2011 WL 7068386, at *2 (N.D. Tex. Nov. 28, 2011) ("When a note is transferred from one mortgage to another, the interest in the subject deed of trust goes along with it."); *Malikyar v. BAC Home Loans Servicing, LP*, No. 4:11-CV-417, 2011 WL 5837262, at *5 (E.D. Tex. Oct. 28, 2011) ("A transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions."); *Cruz v. CitiMortgage, Inc.,* No. 3:11-CV-

2871-L, 2012 WL 1836095, at *3 (N.D. Tex. May 21, 2012) (rejecting the split the note theory because there was no merit to plaintiffs' argument that the deed of trust and note were "split"). Plaintiffs' contention that the Deed of Trust and Note split thereby fails.

**Show-Me-the-Note Theory**

Furthermore, to the extent Plaintiffs argue the "show-me-the-note" theory, such contention similarly fails. It is well-established under Texas law that mortgagees and mortgage service providers are not required to produce the Note, or prove ownership thereof, prior to foreclosure. *Broyles v. Chase Home Fin.,* No. 3:10-CV-2256-G, 2011 WL 1428904, at *3 (N.D. Tex. Apr. 13, 2011) (explaining that the mortgage servicer has a statutory right to foreclosure and, thus, does not need to produce the original note); *Sawyer v. MERS,* No. 3:09-CV-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010) (holding that a mortgage servicer is not required to prove it is the "holder" of the note and deed of trust, or to produce the original loan documents); *Cole v. Fed. Home Loan Mortgage Corp.,* No. 3:11-CV-1833-M-BK, 2012 WL 555194, at *2 (N.D. Tex. Jan. 23, 2012), *rec. adopted*, 2012 WL 556055 (N.D. Tex. Feb. 21, 2012) ( "the Texas Property Code does not require a mortgagee or mortgage servicer to produce the original Note or Deed of Trust before conducting a non judicial foreclosure sale."); *Preston v. Seterus, Inc.*, No. 3:12-CV-2395-L, 2013 WL 1091272, at *14 (N.D. Tex. Mar. 15, 2013) ("the entity administering the foreclosure does not necessarily have to be the owner or holder of the security instrument because the Texas Property Code contemplates that someone other than the holder of the original note may lawfully foreclose on the security interest."); *see also* TEX. PROP. CODE § 51.0025 (explaining that a mortgage servicer may foreclose on property if granted such rights from the mortgagee); TEX. PROP. CODE § 51.0001(4) (defining MERS, a book entry system, as a mortgagee). Thus, to the extent Plaintiffs argue that Wells Fargo

or Aurora Bank must be the holder of the Note and produce the Note in order to foreclose, such contention cannot stand.

Because Plaintiffs' Quiet Title claim is based solely on these flawed legal theories, such claim should be dismissed. *See Cole,* 2012 WL 555194, at *3 (dismissing plaintiff's trespass to try title and quiet title claims because such claims were based on a faulty legal theory); *Schrader-Scalf*, 2013 WL 625745, at *3 (dismissing plaintiff's quiet title claim because she failed to allege the third element of quiet title, in that the court rejected the grounds for her contention that defendant's claim to the property was invalid).

**Fraud**

Plaintiffs allege causes of action for Fraud in the Concealment and Fraud in the Inducement. In order to state a claim for fraud under Texas law, a plaintiff must show: (1) the defendant made a material representation; (2) the representation was false; (3) the speaker knew it was false at the time it was made, or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the plaintiff should act upon it; (5) the plaintiff acted in reliance on the representation; and (6) the plaintiff thereby suffered injury. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001) (citation omitted). Furthermore, in federal court, a plaintiff must also comply with Rule 9(b)'s heightened pleading standard, which requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (quoting *Williams v. WMX Tech., Inc.,* 112 F.3d 175, 179 (5th

Cir.1997)). Plaintiffs have failed to allege such facts.

Concerning their Fraud in the Concealment claim, Plaintiffs contend "Defendants concealed the fact that the Loans were securitized as well as the terms of the Securitization Agreements . . . ." (Pls.' Pet. ¶ 59.) Plaintiffs allege that the securitization of the Loan changed its character because a single person would not hold the Note, but instead it would be included in a pool of notes and then sold to investors. (*Id.*) Regarding their Fraud in the Inducement claim, it appears that Plaintiffs allege that Defendants misrepresented that they were the holder and owner of the Note and were entitled to exercise the power of sale provision in the Deed of Trust. (*Id*. ¶¶ 68-69.) Plaintiffs argue that, somehow, these misrepresentations induced them to enter into the Loan. (*Id.* at ¶ 70.) This Court has already addressed Plaintiffs' arguments concerning proving ownership of the Note and whether MERS had the power of sale in the Deed of Trust. For reasons previously explained, these contentions are unfounded under Texas law. *See supra.* Furthermore, Plaintiffs have failed to allege the individuals at Aurora Bank who made such misrepresentations, when these misrepresentations were made, or where they were made. It is hard for this Court to fathom that Aurora Bank's alleged misrepresentations concerning the Note or Deed of Trust induced Plaintiffs to enter into the Loan, considering Aurora Bank is not the original lender and had no rights or interests in the Loan on February 9, 2006, when Plaintiffs executed the Loan in favor of Wilmington Finance.

Additionally, to the extent Plaintiffs argue a failure to disclose that the Loan was securitized, Plaintiffs have failed to allege that Aurora Bank had a duty to disclose such information, which is required under Texas law. *Greenlee Enterprises, Inc. v. Compass Bank, N.A.*, No. 05-10-00490-CV, 2011 WL 6209192, at *4 (Tex. App.– Dallas 2011, no pet.) ("In the absence of a duty to disclose . . . a failure to disclose does not constitute fraud."). Further, Plaintiffs have not alleged a partial

disclosure or that a fiduciary relationship exists between Plaintiffs and Aurora Bank, which can cause a duty to disclose to arise. *See id.* The Court finds that Aurora Bank did not have a duty to disclose the securitization of the Loan and, thus, the alleged failure to disclose does not constitute fraud. *See Collier v. Wells Fargo Home Mortg.,* No. 7:04-CV-086-K, 2006 WL 1464170, at *8 (N.D. Tex. May 26, 2006) (explaining that in Texas a mortgagor and a mortgagee do not have a special relationship).

Finally, to the extent Plaintiffs' Fraud in the Concealment claim is not based on Aurora Bank's failure to disclose, the claim should be dismissed because it is not an independent cause of action, but instead is an affirmative defense to the statute of limitations. *See Mayes v. Stewart*, 11 S.W.3d 440, 452 (Tex.App.– Houston [14th Dist.] 2000, pet. denied) (citations omitted). In sum, Plaintiffs have failed to state sufficient facts to meet Rule 9(b)'s heightened pleading standard, as Plaintiffs failed to allege the circumstances constituting the fraud. Thus, Plaintiff's claims concerning fraud should be dismissed.

**Intention Infliction of Emotional Distress**

In order to state a claim for Intentional Infliction of Emotional Distress ("IIED") in Texas, a plaintiff must demonstrate: (1) the defendant acted intentionally or recklessly; 2) the conduct was extreme and outrageous; 3) defendant's actions caused the plaintiff emotional distress; and 4) the emotional distress suffered was severe. *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993). To prove that the conduct was extreme and outrageous, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Tiller v. McLure*, 121 S.W.3d 709, 713

(Tex. 2003) (quoting *Twyman,* 855 S.W.2d at 621) (internal quotation marks omitted).

Here, Plaintiffs again allege that Defendants were not entitled to exercise the power of sale provision in the Deed of Trust, therefore, any attempt at foreclosure by Defendants was wrongful. (Pls.' Pet. ¶¶ 78-79.) Plaintiffs claim that this alleged fraudulent attempt at foreclosure constitutes extreme and outrageous conduct. (*Id.* at ¶ 79.) Specifically, Plaintiffs aver "[t]he conduct of Defendants, and each of them, as herein described, was so vile, base, contemptible, miserable, wretched, and loathsome that it would be looked down upon and despised by ordinary people." (*Id.* at ¶ 85.)

Plaintiffs' contention falls far short of showing the requisite extreme and outrageous conduct necessary for an IIED claim. This Court has already found that MERS had the authority to assign the Deed of Trust, which granted the assignee the power to foreclose on the Property. Furthermore, the Fifth Circuit and the Northern District of Texas have rejected claims for IIED in the mortgage foreclosure context. *See Mann v. Am. Federated Life Ins. Co.*, 146 F.3d 868, 1998 WL 327238, at *3 (5th Cir. 1998) (affirming the dismissal of an IIED claim where party was merely following the terms of a legitimate contract); *Strange v. Flagstar Bank, FSB*, No. 3:11-CV-2642-B, 2012 WL 987584, at *5 (N.D. Tex. Mar. 22, 2012) ("Plaintiffs' allegations centering on foreclosure and contract issues are far from the type of allegations of outrageous and intolerable conduct required to sustain a claim for intentional infliction of emotional distress."). Finally, Plaintiffs fail to make any specific allegations concerning extreme and outrageous conduct on behalf of Aurora Bank. Accordingly, Plaintiffs' claim for IIED should be dismissed.

**Slander of Title**

"To succeed in an action for slander of title, a party must allege and prove that the defendant, with legal malice, uttered and published disparaging words about plaintiff's title to property that were false and resulted in the loss of a specific sale." *Preston Gate, LP v. Bukaty*, 248 S.W.3d 892, 896 (Tex. App.– Dallas 2008, no pet.). Legal malice is defined as conduct which is deliberate and without reasonable cause. *Id.*

Plaintiffs allege that Defendants "disparaged Plaintiffs' exclusive valid title by and through the preparing, posting, publishing, and recording of the documents previously described herein, including, but not limited to, the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed." (Pls.' Pet. ¶ 87.) Plaintiffs base this claim on Defendants' lack of right, title, or interest in the Property, and allege malice because Defendants knew the documents were false and published them to hurt Plaintiffs. (*Id.* at ¶¶ 88, 92.)

As previously noted, Plaintiffs have failed to allege any false statements that were made by Aurora Bank. In fact, Plaintiffs' Petition is devoid of any specific factual allegations concerning statements or conduct on behalf of Aurora Bank. Plaintiffs concede that MERS assigned the Loan to Wells Fargo, and Plaintiffs' contention that such assignment was invalid has already been found by this Court to lack merit. Furthermore, Plaintiffs have failed to allege any facts which would amount to the requisite legal malice for a slander of title claim. *See Storm Assoc., Inc. v. Texaco, Inc.,* 645 S.W.2d 579, 588-89 (Tex.App.– San Antonio 1982, pet. denied), *aff 'd*, 645 S.W.2d 579 (Tex. 1985) ("A claim of title does not constitute malice where the claim is made under color of title or upon reasonable belief that parties have title to the property acquired."). Finally, Plaintiffs fail to

13

allege any facts concerning their loss of a specific sale. Plaintiffs' slander of title claim should be dismissed.

**Declaratory Relief**

Plaintiffs seeks declaratory relief pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code. Declaratory judgments are remedial in nature and serve "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 37.002. In Texas, a declaratory judgment does not create any substantive rights or causes of action, but instead is merely a procedural device. *Carter v. Bank of Am., N.A.*, No. 3:12-CV-4550-B, 2013 WL 1482610, at *3 (N.D. Tex. Apr. 9, 2013) (citation omitted). Thus, a request for declaratory relief is construed as a theory of recovery, which is dependent upon another cause of action. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996). Accordingly, Plaintiffs' request for declaratory relief cannot stand on its own. Because Plaintiffs have failed to allege any valid claims against Aurora Bank, the remedy of a declaratory judgment is inappropriate and should be dismissed.[3]

## Recommendation

For the foregoing reasons, the Court recommends that the District Court **GRANT** Aurora Bank's Motion to Dismiss (doc. 14) and dismiss Plaintiffs' claims against Aurora Bank with prejudice pursuant to FED. R. CIV. P. 12(b)(6).

---

[3] Plaintiffs additionally seek damages and attorney's fees in their Petition. However, since Plaintiffs have failed to allege any substantive claims, their request for damages and attorney's fees should also be dismissed. *See Carter,* 2013 WL 1482610, at *3.

14

SO RECOMMENDED, May 20, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

15

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).