IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENRIQUE BERNAL and ELVIRA BERNAL, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:12-CV-3741-M (BF) |
| WILMINGTON FINANCE, a Division of AIG Federal Savings Bank; AURORA LOAN SERVICING, LLC, WELLS FARGO BANK, N.A. as trustee for securitized trust SARM SERIES 2007-6; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, aka "MERS" and DOES 1 THROUGH 100, INCLUSIVE, | § § § § § § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), and a Standing Order of Reference from the District Court, this removed civil action has been referred to the United States Magistrate Judge for pretrial management. On November 27, 2012, this Court held a status conference, whereby Plaintiffs Enrique Bernal and Elvira Bernal's ("Plaintiffs") counsel was granted leave to withdraw. Plaintiffs indicated to the Court that they would hire new counsel. On that same date, the Court entered an Order (doc. 23) granting Plaintiffs thirty days in which to hire counsel. Plaintiffs should have had new representation by December 27, 2012. However, on January 7, 2013, Plaintiffs still had not hired counsel and, thus, this Court set another status conference for January 23, 2013. Plaintiffs were ordered by the Court to appear in person for the January 23, 2013 status conference. Plaintiffs failed to appear. Therefore, on January 24, 2013, this Court entered an Order (doc. 27) for Plaintiffs to

show cause as to why the case should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Court gave Plaintiffs until February 8, 2013, in which to respond, however, Plaintiffs failed to respond. On February 25, 2013, the Court gave Plaintiffs one last opportunity to demonstrate their intent to prosecute this case. In that Order, Plaintiffs were given ten days to file a response to Defendants' pleadings (doc. 28). Plaintiffs were warned that failure to respond would result in findings entered on the motions to dismiss, as well as a recommendation that the case be dismissed under FED. R. CIV. P. 41(b). Again, Plaintiffs failed to respond.

A court can dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.,* 370 U.S. 626 (1962)). Plaintiffs have failed to respond to any orders given by this Court, including a show cause order. Moreover, Plaintiffs failed to appear for a status conference for which they were ordered to appear. Accordingly, Plaintiffs' Petition should be dismissed for want of prosecution.

The Court recommends that the District Court dismiss Plaintiffs' Petition without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).[1]

---

[1] The Court notes that it recently entered findings on Aurora Loan Servicing LLC's ("Aurora Bank") and Wells Fargo Bank, N.A.'s ("Wells Fargo") motions to dismiss. In each of the findings, the Court recommended that Plaintiffs' claims against the defendant be dismissed with prejudice. Thus, should the District Court accept both of these findings, Plaintiffs' claims against Aurora Bank and Wells Fargo should be dismissed with prejudice pursuant to FED. R. CIV. P. 12(b)(6) instead of without prejudice pursuant to FED. R. CIV. P. 41(b).

SO RECOMMENDED, May 20, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court.   See Thomas v. Arn, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).